UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELONNA MILLS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: C08-1319 CRD<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff Elonna Mills appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS in part and REVERSES in part the Commissioner's decision and REMANDS for further administrative proceedings.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a forty-nine-year-old woman, forty-six years old at the alleged disability onset date. She has a high school equivalency education and has relevant work experience as an air controller.

Plaintiff applied for SSI and DIB in June 2007, alleging disability since April 2006. Her claim was denied initially and upon reconsideration, and she timely requested an ALJ hearing.

On April 17, 2008, a *de novo* hearing was held before ALJ Bauer. The ALJ heard testimony from a medical expert, a vocational expert, and from Plaintiff, who was represented by counsel, Richard R. Roth, Esq. Administrative Record ("AR") at 20-72. The ALJ rendered an unfavorable decision on June 9, 2008. Plaintiff requested Appeals Council review; review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On September 17, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Ms. Mills bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id*.  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability.  AR 11, Finding 2.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  In this case, the ALJ found Plaintiff has the severe impairments of chronic obstructive pulmonary disease and obesity.  AR 11, Finding 3.  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id*.  Here, the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment.  AR 15, Finding 4.

---

[1]Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit.  20 C.F.R. § 404.1572.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The ALJ in this case found Plaintiff "has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently.  She can stand and/or walk for 2 hours in an eight-hour workday.  The claimant can sit for six hours in an eight-hour workday.  She should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation."  AR 15, Finding 5.

The ALJ next found that Plaintiff is not capable of performing her past relevant work because she is limited to sedentary work.  AR 18, Finding 6.  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded.  In this case, the ALJ found that although Plaintiff is unable to perform her past relevant work, she is able to perform sedentary work that exists in significant numbers in the national and local economy, such as an addressor or as a final assembler, and therefore concluded Plaintiff was not disabled as defined in the SSA.  AR 19.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1.      Did the ALJ err in assessing Plaintiff's mental impairments?

2.      Did the ALJ err in assessing Plaintiff's credibility?

3.      Did the ALJ err in assessing lay witness statements?

///

///

The Court finds the ALJ did not present sufficient reasoning for dismissing a physician's opinion that Plaintiff is unable to work due to mental impairments and therefore remands the case for further administrative proceedings. The ALJ's findings with respect to the lay witness statements are affirmed and the finding with respect to Plaintiff's credibility is affirmed with respect to her physical complaints. On remand, the ALJ will have the opportunity to reassess Plaintiff's RFC in light of the issues outlined below.

A. *The ALJ erred in assessing Plaintiff's mental impairments.*

Plaintiff asserts that the ALJ erred in not finding her mental impairments of psychological pain, personality disorder, depression, and anxiety to be severe impairments at step two of the sequential evaluation, and did not account for them in her residual functional capacity assessment. Plaintiff argues that the ALJ improperly rejected the opinions of examining psychologist, Dr. Hammer, and her mental health counselor, Ms. Wightman, and that alternatively, if their opinions were unclear, the ALJ failed to adequately develop the record by obtaining supplemental information.

<u>Frank Hammer, Ph.D.</u>

Psychiatrist Dr. Hammer examined Plaintiff in October 2007 and concluded Plaintiff is "seriously disturbed"; he diagnosed pain disorder associated with psychological factors, a general medication condition, depressive disorder not otherwise specified, generalized anxiety disorder, and personality disorder not otherwise specified, and opined that she had moderate to severe limitations in specified functional areas, and that she would be unable to function in a regular work environment or deal with the public; he recommended Plaintiff take psychotropic medication and attend weekly counseling. AR 604-06. To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 31 (9th Cir.1995); *Magallanes*, 881 F.2d at 751-55. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* The ALJ can meet this burden by setting out a detailed

and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes*, 881 F.2d at 751 (internal citations omitted). The rejection of an opinion of a treating physician based in part on the testimony of a nontreating, nonexamining medical advisor may be upheld. *Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir. 1999), citing *Magallanes*, 881 F.2d at 751-55; *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

In the present case, Dr. Hammer is an examining physician, whose opinion is contradicted by Plaintiff's treating physician, Dr. Mohanakumar, who opined only "mild" depression (AR 565), and by examining Drs. Smith and Whelan who opined she is capable of light level work (AR 259-61). Because Dr. Hammer's opinion is contradicted, the ALJ is required to provide at least "specific and legitimate" reasons for a rejection of his opinion. In concluding that Plaintiff has no severe mental impairments, the ALJ assigned "no weight" to Dr. Hammer's opinion, reasoning:

> [Dr. Hammer] saw claimant on only one occasion for a disability evaluation and cited the claimant's physical complaints as the basis for the cognitive limitations he opined. Dr. Hammer is not a medical doctor and is not qualified to render an opinion regarding the claimant's physical complaints. He indicated the claimant was unable to interact with people. However, on her function report the claimant denied problems getting along with others (Exhibit 5Ep13) [AR 184]. Dr. Hammer's opinion was based on the claimant's subjective complaints and he did not perform even a cursory mental status examination.

AR 14. The Court finds the above reasons given by the ALJ for rejecting Dr. Hammer's entire opinion do not satisfy the "specific and legitimate" requirement they lack legitimate reasoning. First, the ALJ found significant that Dr. Hammer only saw Plaintiff once, which although a valid reason to give an examining opinion less weight than a treating opinion, is not sufficient to dismiss an examining opinion, especially in this case where there is no treating psychiatric opinion in the record.

Second, the ALJ noted that Dr. Hammer is not a medical doctor and is therefore not qualified to render an opinion on Plaintiff's physical complaints. A review of the record shows Dr. Hammer did not diagnose physical impairments, and did not base the opined limitations solely on Plaintiff's physical symptoms. Dr. Hammer opined Plaintiff has independant mental

problems including a pain disorder associated with psychological factors and a general medical condition, a depressive disorder, a generalized anxiety disorder, and a personality disorder. AR 604. Dr. Hammer noted the list of medications prescribed by her primary care physician (AR 605) and concluded that due to pain, fatigue, and difficulty breathing, Plaintiff would be unable to function in a regular work situation (*Id.*). Dr. Hammer opined that "she needs continuing care for her physical problems *plus counseling and psychotropic mediations for her mental health problems*" suggesting that "she should apply [for SSI] for physical health problems and also *for her mental health problems.*" AR 606 (emphasis added). The ALJ's complete dismissal of the examining psychologist's opinion regarding a patient's mental health impairments because they are partially attributable to physical impairments is not legitimate reasoning.

The ALJ also dismissed Dr. Hammer's opinion because he believed it based on Plaintiff's subjective complaints. The ALJ noted that Plaintiff denied problems getting along with others, but that Dr. Hammer opined Plaintiff was *unable* to get along with others. In this example cited by the ALJ, Dr. Hammer's opinion is not in agreement with Plaintiff's subjective report of her own ability to get along with others, undermining this reason for not crediting Dr. Hammer's opinion.

Lastly, the ALJ noted that Dr. Hammer did not perform a mental status examination of Plaintiff. Although the record does not include a mental status examination by Dr. Hammer, he completed a psychiatric evaluation form at the time of the exam, including an evaluation of Plaintiff's mood and behavior. AR 603-06. Notably, at the hearing, the ALJ, Plaintiff, Plaintiff's counsel, and the testifying medical expert discussed that Plaintiff's mental health records had not been included in the record and the ALJ noted he was therefore not aware she was also claiming a mental impairment. AR 44-45. The ALJ gave Plaintiff's counsel additional time to submit the materials from Dr. Hammer and other mental health providers. Dr. Hammer's evaluation was later added to the record; however, no mental status examination report was included. Plaintiff argues that Dr. Hammer probably performed a mental status report, but because one was not included, the ALJ should have further developed the record to obtain a mental status examination from Dr. Hammer, or obtain further psychological evidence if there

was any question regarding Dr. Hammer's opinion or the general status of Plaintiff's mental health. An ALJ has a duty to develop the record when there is ambiguous or inadequate evidence for a proper evaluation. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, it does not appear that the evidence before the ALJ was ambiguous or inadequate. Regardless, Dr. Hammer's is the only examining or treating psychiatric medical opinion in the record, and the ALJ did not support rejection of the opinion with specific and legitimate reasons supported by substantial evidence. Accordingly, the Court reverses in part and remands for the ALJ to reassess Plaintiff's mental impairments. On remand, if the ALJ determines the mental health evidence is insufficient for reevaluation consistent with this order, the ALJ may consider utilizing psychiatric medical expert testimony or obtaining a supplemental psychiatric evaluation.

<u>Angeline Wightman, M.A., M.H.P.</u>

In March and April 2008, Ms. Wightman counseled Plaintiff at Compass Mental Health, opining that she had major depression, single episode, personality disorder, rule out paranoia and a GAF of 43. AR 607-08, 617-18. Ms. Wightman also opined that, "[Plaintiff] appears to be fragile physically and emotionally. Her anxiety, tearfulness, and possible paranoia (in addition to her medical issues) would make keeping a job very difficult…" and that she had marked limitations in functional categories. AR 619-20. The ALJ rejected Ms. Wightman's opinion because she is not an acceptable medical source, she had only seen Plaintiff a few times, and her opinion is based primarily on Plaintiff's self-report. AR 14. Plaintiff argues that Ms. Wightman's opinion is entitled to greater weight because she is a specialist with a treating relationship. Only acceptable medical sources can give medical opinions and be considered treating sources entitled to controlling weight. Social Security Ruling 06-03p. Ms. Wightman is a mental health professional, however she is not a doctor, therefore she is considered an "other source" which is reviewed by this Court under the lay witness standard, rather than the physician's standard of review. Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel*, 236 F.3d

503, 511 (9th Cir. 2001) (internal citations omitted). An ALJ need only give germane reasons for discrediting the testimony of lay witnesses. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Here, the ALJ noted that Ms. Wightman had only seen Plaintiff a few times and that her opinion is based primarily on Plaintiff's self-report. AR 14. These reasons are germane and are supported by substantial evidence in the record; no more is required for the ALJ to properly dismiss Ms. Wightman's opinions, therefore the ALJ did not err in this regard.

      B.      *The ALJ did not err in assessing Plaintiff's credibility regarding her physical complaints.*

Plaintiff asserts that the ALJ erred because he did not provide clear and convincing reasons for rejecting her testimony concerning the severity of her symptoms and limitations, including neck, back, and arm/hand pain, dizziness, nausea, racing heartbeat, sweats, high blood pressure, visual problems, and constant fatigue, due in part to pain medication and muscle relaxers. Plaintiff argues this is because the ALJ only considered physical and not mental causes for these symptoms and limitations, and did not consider the side effects of her medication. Plaintiff also argues the ALJ erred in faulting her for claiming she had lung cancer, and erred in finding that her poor work history indicates she is not motivated to work, because she raised her children instead of working, and later worked as a hairdresser for many years.

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *Thomas*, 278 F.3d at 958-59. In finding a claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third

parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

In this case, the ALJ did not find any evidence of malingering by Plaintiff, or that her activities of daily living do not support her allegations of disability, but concluded the objective evidence in the record does not support the intensity of the symptoms she claims. AR 15-17. The ALJ gave Plaintiff's testimony reduced weight because: she exaggerates her medical history and reports diagnoses and problems that are not documented in the record, including a history of cardiac arrest and lung cancer; she testified to having vertigo but there is no objective evidence of such in the record; she testified she was being considered for back surgery but there is no corroborating evidence in the record; her complaints of pain are vague and changing; there is no evidence of her claimed vision limitation and she reads and drives; she claims weakness in her arms and legs but examination showed full strength; she is not taking any psychotropic medication; and she has a poor work history. AR 16-17.

The ALJ cites no evidence of malingering on Plaintiff's part; therefore, the ALJ is required to present clear and convincing reasons for finding her claims less than fully credible. The ALJ presents clear and convincing reasoning with respect to Plaintiff's physical complaints; many of Plaintiff's reported physical complaints are simply not supported by evidence in her medical records. However, as discussed above, on remand, the ALJ will have the opportunity to reassess Plaintiff's alleged mental impairments based on her testimony and Dr. Hammer's opinion. The Court otherwise finds the ALJ determined based on substantial evidence in the record, that Plaintiff's subjective allegations regarding her *physical* complaints may be less severe than she alleges. *See Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986) (stating that ALJ's credibility determinations are entitled to "great deference"); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (stating that ALJ's role is to judge credibility of claimant).

C.    *The ALJ did not err in assessing lay witness statements.*

Plaintiff asserts the ALJ erred in rejecting the submitted statements of her mother, Ms. Grande, and her daughter, Ms. Mills. Regarding the lay statements, the ALJ noted, "I have considered the written statements from Lorna Long, Mary Lou Grande, and Corrine Mills

(Exhibits 8E, 9E, 15E) [AR 204-08]. The statements are largely a recitation of the claimant's subjective complaints and provide little information regarding her day to day functioning. For this reason, I do not accord the statements substantial weight." AR 17. An ALJ need only give germane reasons for discrediting the testimony of lay witnesses. *Lewis*, 236 F.3d at 511. A review of the statements of Plaintiff's mother and daughter shows they note her symptoms and indicate that they strongly believe she needs help. However, as found by the ALJ, the statements do not include any useful account of what Plaintiff is or is not capable of doing on a daily basis. The ALJ's cited reason is germane; therefore, he did not err in giving the lay statements reduced weight.

As discussed above, the Court finds the ALJ erred in evaluating the evidence that Plaintiff disputes with respect to Dr. Hammer; therefore, the residual functional capacity assessment based thereon may also be in error. On remand, the ALJ will have the opportunity to either credit Dr. Hammer's opinion, or reject it citing specific and legitimate reasons based on substantial evidence in the record, and reassess Plaintiff's residual functional capacity in accordance therewith.

VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED in part and REVERSED in part and the case is REMANDED for further administrative proceedings.

DATED this 5th day of March, 2009.

Carolyn R. Dimmick
United States District Judge

ORDER - 11